IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHIRLEY BOATWRIGHT, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>PAMELA VALDEZ, )<br>    Defendant. )<br> )| Civil Action No. 3:25CV352 (RCY) |

**MEMORANDUM OPINION**

This is a personal injury suit brought by Shirley Boatwright ("Plaintiff") wherein Plaintiff alleges a variety of tortious conduct. The case is before the Court on the Motion to Dismiss for Lack of Jurisdiction ("Motion," ECF No. 3) advanced by the United States of America ("United States" or "Government"), which has been substituted for Pamela Valdez ("Ms. Valdez") as the Defendant in this matter. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant the Motion and dismiss the case.

**I. BACKGROUND**

On February 3, 2025, Plaintiff filed suit in Henrico County General District Court ("Henrico GDC") as a Warrant in Debt, claiming that Ms. Valdez owed her a sum of $7,000 with interest plus $66.56 in costs for "abuse of power, stalking, hostile environment, harassment, obsessive threatening manner; [and] disturbing peace [and] health[.]" *See* Gov't's Ex. 1-A, ECF No. 9.[1] Plaintiff's case was set for a hearing on March 21, 2025. *See id.* On the day of the hearing,

---

[1] The Court directed Defendant to resubmit documents that accompanied its Notice of Removal after finding them unreadable and incomplete. *See* Order, ECF No. 8. Defendant's Response, ECF No. 9, provided readable renderings of Plaintiff's state court Warrant in Debt and Motion to Rehear, cited herein as Gov't's Ex. 1-A and Response Ex. 1-B, respectively.

Plaintiff appeared in the wrong courtroom and subsequently moved Henrico GDC for a rehearing of her case, alleging similar claims of "hostile environment [,] harassment, disturbing peace [and] health [, and] unwanted phone calls[.]" *See* Gov't's Ex. 1-B, ECF No. 9.

On May 8, 2025, the United States Attorney's Office removed this action to federal court pursuant to 28 U.S.C. § 1442, which authorizes the United States to remove civil actions filed against it, its officers, or its agencies to the United States District Court for the district and division embracing the place where the state court action is pending. Not. Removal, ECF No. 1. As alternative grounds for removal, the Government pointed to the Federal Tort Claims Act (FTCA), specifically 28 U.S.C. § 2679(d)(2), which provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial … to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

The same provision instructs that "[s]uch action or proceeding shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2). Erik Seibert, Acting United States Attorney for the Eastern District of Virginia, accordingly certified that "Pamela Valdez was acting within the scope of her office or employment as an employee of the federal government at the time of the incidents out of which [P]laintiff's claims arose." Not. Removal, Ex. 2, ECF No. 1.

Also on May 8, 2025, the Government filed a Notice of Substitution of the United States of America as Proper Party Defendant, explaining that "[a]t the time of the incidents set forth in the Warrant in Debt, Pamela Valdez was acting within the scope of her federal employment." "Consequently, Pamela Valdez must be dismissed as a defendant in this action and the United States substituted in her place." Not. Substitution 1–2, ECF No. 2 (citing 28 U.S.C. § 2679(d)(2)).

The Government subsequently filed the instant Motion and a memorandum in support thereof.  The Court issued a notice advising Plaintiff that resolution of the Motion could result in the dismissal of her claims and further advised her of her right to respond in opposition to the Motion within twenty-one days.  Roseboro Not., ECF No. 7.  Plaintiff filed a belated Response to the Motion on July 24, 2025, ECF No. 10; a notice seeking to change the dollar amount associated with her suit on October 16, 2025, ECF No. 11; and a supplemental filing seeking to add causes of action to her case and requesting additional forms of relief on November 6, 2025, ECF No. 12.[2]

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) tests a court's subject matter jurisdiction over a claim.  Motions under Rule 12(b)(1) attack jurisdiction in one of two ways: facially or factually.  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).  On a facial attack, the movant argues that the complaint fails on its face to allege facts on which subject matter jurisdiction can be based.  *Id.*  In such a case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  So, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."  *Id.*  A factual attack on jurisdiction, on the other hand, challenges the factual allegations underlying the assertion of jurisdiction.  *Id.*  In either circumstance, "the burden of proof on a Rule 12(b)(1) motion is on the party asserting that subject matter jurisdiction exists," typically the plaintiff.  5B Charles A. Wright, Arthur R. Miller, & A. Benjamin Spencer, *Federal Practice & Procedure* § 1350 (4th ed.

---

[2] Out of deference to Plaintiff's *pro se* status, the Court will consider Plaintiff's Response in opposition to the instant Motion, despite it being filed approximately two months late.  The Court construes the additional documents filed at ECF Nos. 11 and 12 as requests by Plaintiff seeking leave to amend the Warrant in Debt, which serves as her Complaint.  However, as explained herein, *see infra* Part III(C), granting Plaintiff leave to amend would be futile given her failure to exhaust administrative remedies.

3

2024). *See also, Moore v. Gregory*, 2024 WL 1774819, at *4 (E.D. Va. Apr. 24, 2024) (citing *Piney Run Pres. Ass'n v. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008)). A court may grant a Rule 12(b)(1) motion and grant the plaintiff leave to amend, but a Rule 12(b)(1) dismissal without leave to amend is proper when the pleader "cannot truthfully amend" to cure the jurisdictional defect. Wright, Miller, & Spencer, *supra*, § 1350.

In considering a motion to dismiss pursuant to Rule 12(b)(1), "the Court may consider '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Hostetler v. U.S.,* 97 F.Supp.2d 691, 694 (E.D. Va. 200) (quoting *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)). In considering this Rule 12(b)(1) motion, the Court may properly consider facts outside the Complaint to determine whether the claim is within, or excepted from, FTCA coverage. *Id.* at 694–95 (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).

### III. ANALYSIS

In her state court Warrant in Debt, Plaintiff asserted claims against Ms. Valdez for "abuse of power, stalking, hostile environment, harassment, obsessive threatening manner; [and] disturbing peace [and] health." *See* Gov't's Ex. 1-A. Plaintiff provided no further factual details in this filing. In her state court Motion to Rehear, Plaintiff added "unwanted phone calls" as an additional basis for her motion. *See* Gov't's Ex. 1-B.

In its Motion to Dismiss, the United States provides the additional factual context that Ms. Valdez is a supervisor with the United States Postal Service (USPS). The Government argues that this Court lacks jurisdiction to adjudicate this matter because Plaintiff failed to file an administrative tort claim, which is a mandatory jurisdictional prerequisite to filing suit against the United States under the FTCA. Mem. Supp. Mot. Dismiss 2. Plaintiff's Response in opposition

4

to the Motion expresses frustration that Ms. Valdez "r[a]n to the company rep to clean up her mess," and rejects the Government's characterization of her suit as a tort claim because she is "after [Ms. Valdez] for compensation, so a tort should not be need[ed.]" Pl.'s Resp. 1.

### A. Plaintiff's Suit is Actionable Under and Subject to the FTCA

As an initial matter, the Court agrees with the Government that Plaintiff's claims are tort claims subject to the FTCA. Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, unless it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. *U.S. v. Dalm*, 494 U.S. 596, 608 (1990) (citations omitted). The FTCA provides a waiver of sovereign immunity for damages suits related to certain actions by federal employees that occur within the scope of their employment. *Estate of Van Emburgh ex rel Van Emburgh v. United States*, 95 F.4th 795, 800 (4th Cir. 2024); 28 U.S.C. §§ 1346(b)(1), 2674. Per § 1346(b), federal district courts have exclusive jurisdiction over civil suits for damages—

> for injury, or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Distilled into elements, an FTCA claim pursuant to § 1346(b) is actionable if it is: "(1) against the United States, (2) for money damages, . . . (3) for injury or loss of property, or personal injury or death (4) caused by the negligent or wrongful act or omission of any employee of the Government (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Brownback v. King,* 592 U.S. 209, 212 (2021) (citations omitted).

Here, despite Plaintiff's insistence that she did not intend to allege a tort claim and aims to pursue Ms. Valdez as an individual, the Court concludes that Plaintiff's claims are actionable under § 1346(b) and therefore within the scope of the FTCA. The United States substituted itself as the proper party defendant in place of Ms. Valdez pursuant to 28 U.S.C. § 2679(d)(2). Not. of Substitution 1–2. Plaintiff's Warrant in Debt initiated a civil suit for money damages—$7,000 plus costs and interest—for personal injury she allegedly suffered as a result of Ms. Valdez's wrongful acts, including stalking, harassment, abusing power, creating a hostile environment, and disturbing her health and peace. Gov't's Ex. 1-A; Pl.'s Resp. 1 (referencing "internal long term damage."). The United States Attorney for the Eastern District of Virginia certified that "Pamela Valdez was acting within the scope of her office or employment as an employee of the federal government at the time of the incidents out of which [P]laintiff's claims arose." Not. Removal Ex. 2. Finally, assessed at a high level, the conduct Plaintiff alleges is the type of tortious conduct for which a private person could be held liable in Virginia.[3] Because this suit is actionable and thus cognizable under § 1346(b) of the FTCA, any FTCA remedy is exclusive. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994).[4]

---

[3] The Court appreciates that it is exceedingly generous to Plaintiff on this last element, given that Plaintiff has provided little to no factual support for her state law claims. This leniency arises both out of deference to Plaintiff's *pro se* status in addition to the Court's observation that the Government independently and voluntarily implicated the FTCA. If, alternatively, the Court were to find that Plaintiff failed to allege the sixth element, her claims would not be actionable under § 1346(b) and instead would fail against the formidable shield of the Government's sovereign immunity. *See Brownback v. King,* 592 U.S. at 217–218. *See also, Farnsworth v. Yellen*, 2022 WL 1912785, at *3 (W.D. Va. June 3, 2022) (finding that plaintiff's claims did not fall within the purview of the FTCA and consequently dismissing the complaint for lack of subject matter jurisdiction).

[4] The Court does not engage with the intentional tort exception to the FTCA because Plaintiff's Warrant in Debt does not allege any of the eleven intentional torts embraced by the exception. *See* 28 U.S.C. § 2680(h); *Evans v. United States,* 105 F.4th 606, 610 (4th Cir. 2024); *Levin v. U.S.*, 568 U.S. 503, 507 (2013). Similarly, the Court does not consider applicability of the discretionary function exception because the factually bare papers before the Court largely preclude a meaningful understanding of the alleged conduct at issue. *See Matter of Moore,* 488 F.Supp.3d 231, 238 (D. Md. 2020) ("Before a court can apply the . . . test to determine whether the discretionary function exception applies, the court must first identify the conduct at issue.") (citations omitted).

**B. Plaintiff Did Not Satisfy the FTCA's Administrative Exhaustion Requirement**

When filing suit under the FTCA, a plaintiff must satisfy certain jurisdictional prerequisites. *Estate of Van Emburgh*, 95 F.4th 795, 800 (citing *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)). First and foremost, "a plaintiff must 'present [their] claim to the appropriate Federal agency[.]'" *Id.* at 801 (citing 28 U.S.C. § 2675(a)). *See also, Ahmed v. U.S.*, 30 F.3d 514, 516 (4th Cir. 1994) ("We have observed that 'the requirement of filing an administrative claim is jurisdictional and may not be waived.'") (quoting *Henderson*, 785 F.2d at 123). Although perhaps better described as a "presentment requirement," case law in this circuit primarily uses the terminology "administrative exhaustion" to describe the requirement that plaintiffs present their claims to the relevant federal agency before proceeding to federal court. *Henderson*, 785 F.2d at 801, n.2. When a plaintiff presents her claim to the appropriate federal agency, she must submit a completed Standard Form 95[5] (or other written notification of an incident) that states her claim for money damages in a sum certain and then wait for the agency to either (1) deny the claim; or (2) fail to dispose of the claim within six months. *Id.*; *see also Kokotis v. U.S. Postal Service,* 223 F.3d 275, 278 (4th Cir. 2000).

Even from the very limited factual record before the Court, it is clear that Plaintiff has failed to meet the administrative exhaustion prerequisite for advancing her claim. In support of its Motion, the Government provided the Declaration of Kimberly A. Herbst, the manager of the Tort Program and Adjudication with the USPS National Tort Center.[6] Mem. Supp. Mot. Dismiss Ex. 1 ("Herbst Decl.") ¶ 1. Therein, Ms. Herbst declared under penalty of perjury that she has full

---

[5] A Standard Form 95 is an acceptable written notification of an incident that satisfies the 28 U.S.C. § 2675(a) prerequisite that a claim be made to the appropriate federal agency before legal action is instituted against the United States. *Blake v. United States,* 2023 WL 3173895, at *1, n.1 (D. Md. May 1, 2023); 28 C.F.R. § 14.2.

[6] In evaluating its jurisdiction, the Court may and does in fact rely on Ms. Herbst's Declaration to the extent it supplements Plaintiff's Warrant in Debt with undisputed facts. *See Hostetler v. U.S.,* 97 F.Supp.2d 694 (citing *Williamson,* 645 F.2d 413).

access to all USPS Law Department records "that are maintained on each administrative claim submitted for adjudication to the Postal Service pursuant to the Federal Tort Claims Act," and that, because the records of claims maintained by the Law Department are nationwide, "they include tort claims submitted that occur within the State of Virginia." *Id.* ¶¶ 2–3. Ms. Herbst "conducted a search of all Postal Service Law Department records of administrative tort claims submitted . . . filed by or on behalf of Shirley Boatwright. No such claim(s) was discovered." *Id.* ¶ 4. Further, Ms. Herbst "conducted a search of all Postal Service Tort Claims/Collections Specialist database records of administrative tort claims received at the local level for evidence of an administrative claim filed by or on behalf of Shirley Boatwright[.]" *Id.* ¶ 6. Again, "[n]o such claim(s) was discovered." *Id.*

The reliability of Ms. Herbst's declaration is buttressed by the fact that Plaintiff does not dispute that she failed to present her claims to the appropriate federal agency—here, the USPS. Instead, Plaintiff confirmed that she has not presented her claims when she affirmatively stated that she "knew nothing about a tort [which she has] 2 years to file . . . if really needed[,]" and insisted that her "case needs to be heard in front of a judge . . . ." Pl.'s Resp. 1. It does not matter that Plaintiff seeks to sue an individual employee as opposed to the USPS itself and attempted to do so in state court. *See Henderson v. U.S.*, 785 F.2d 121, 124 (finding dismissal mandatory when plaintiff fails to file a claim with the proper administrative agency in case where plaintiff-appellants filed a state court suit against an individual employee). Because Plaintiff has not satisfied the administrative exhaustion requirement—a jurisdictional requirement of the FTCA—this Court lacks subject matter jurisdiction and cannot proceed with adjudication of Plaintiff's underlying claims.

### C. No Leave to Amend

Because Plaintiff cannot truthfully and readily change the fact that she has not exhausted administrative remedies—presenting her claims to USPS and awaiting disposition could take up to six months—the Court does not grant Plaintiff leave to amend her pleading. *See Blake,* 2023 WL 3173895, at *2 ("Where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1).") (citation omitted). Plaintiff's notice and supplemental filing, which the Court construes as requests to amend her pleading, seek to enlarge the amount of damages sought, add new types of relief, and add a criminal charge to her Complaint. *See generally,* Pl.'s Not. and Supplemental Filing. Because none of these desired amendments bear upon Plaintiff's failure to exhaust administrative remedies as required by the FTCA, the Court denies what it construes as requests to amend, and its finding with regard to its lack of jurisdiction remains unchanged.

## IV. CONCLUSION

For the reasons detailed above, the Government's Motion to Dismiss will be granted. Additionally, because Plaintiff cannot truthfully amend her allegations to cure the jurisdictional defect in a timely manner, the Court does not grant leave to amend.

An appropriate Order shall issue.

/s/ *RCY*
Roderick C. Young
United States District Judge

Date: February 20, 2026
Richmond, Virginia